IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **LIVE WELL FINANCIAL, INC.,** § § § **Plaintiff,** § § **v.** § § **JUDY KAY VALENTINE, MICHAEL WAYNE VALENTINE, CHRISTI COPPEDGE, SHERRI DONAHOO, UNKNOWN HEIRS AT LAW OF MERLE WAYNE VALENTINE,** § § § § § § § **Defendants.** | **CIVIL ACTION NO. 6:18-CV-00119-RWS** |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. On July 25, 2018, the Magistrate Judge issued a Report and Recommendation (Docket No. 20), recommending that Plaintiff Live Well Financial, Inc.'s ("Plaintiff" or "Live Well") Motion for Default Judgment (Docket No. 17) against Defendant Judy Kay Valentine be granted. Docket No. 20 at 5. The Magistrate Judge further ordered that the Report and Recommendation be immediately served on Defendants. *Id.* On August 10, 2018 Plaintiff filed a notice of service of the Report and Recommendation on Defendant Judy Kay Valentine. Docket No. 22. The Report and Recommendation informed the parties of their rights to object to those findings within 14 days, and further informed the parties that a failure to timely object "shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by

the district court." Docket No. 20 at 5 (citing *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)). Since the service of the Report and Recommendation on August 10, 2018, no party has filed objections and the prescribed time period for doing so has passed.

Nonetheless, having reviewed the Magistrate Judge's findings, the Court agrees with the Magistrate Judge. The Magistrate Judge found that Defendant Judy Kay Valentine was properly served by personal service (Docket No. 6), that she has failed to timely answer or otherwise respond, and that the Clerk of Court has made an entry of default (Docket No. 19). Docket No. 20 at 3–4. The Magistrate Judge also found that Plaintiff's Complaint sufficiently pleaded its cause of action for its statutory probate lien and for non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002 (Docket No. 1 at ¶¶ 1–23), and that Plaintiff's Complaint makes a *prima facie* showing of jurisdiction (Docket No. 1 at ¶¶ 1–8). Docket No. 20 at 3–4. Weighing the relevant considerations, the Magistrate Judge then found that Plaintiff was entitled to default judgment. *Id.* at 4–5. The Court does not find plain error in these determinations. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Default Judgment as to Defendant Judy Kay Valentine (Docket No. 17) be **GRANTED**. It is further

**ORDERED** that Plaintiff shall immediately serve a copy of this Order on Defendant, and within **14 days** of the issuance of this Order, submit a proposed final judgment.

**SIGNED this 19th day of November, 2018.**

*Robert W. Schroeder*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE